UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| AMIR H. SANJARI, | : | |
| DEBTOR | : | CASE NO.05-50205-JBR |
| AMIR H. SANJARI, | : | |
| PLAINTIFF, | : | |
| v. | : | AP. NO. 06-4051 |
| REX L. REED *et al.*, | : | |
| DEFENDANTS. | | |

**MEMORANDUM OF DECISION ON MOTIONS TO DISMISS [# 16 AND #18],
EMERGENCY VERIFIED MOTION FOR STAY [#48], AND MOTION REQUESTING
EVIDENTIARY HEARING AND JURY TRIAL AND CONSENT TO JURY TRIAL
BEFORE BANKRUPTCY JUDGE [#75]**

This matter came before the Court for hearing on three motions, including two motions to dismiss the above adversary proceeding: one [#16] filed by Defendant Rex L. Reed, an Indiana state court judge, and one by Defendants Alison Gratzol, the Debtor's ex-wife, and Max K. Walker, Jr., her attorney. The Defendants seek dismissal on the grounds that this Court lacks subject matter jurisdiction over the civil rights counts and the state court hearings which the Debtor claims violated the automatic stay are exempted from the automatic stay under 11 U.S.C. § 362(B)(2)(ii).[1] Judge Reed moved for dismissal on the additional ground that he has judicial immunity. Subsequently the Debtor filed oppositions and supplemental oppositions to the Motions to Dismiss and also moved to stay the hearings on the Motions to Dismiss on the

---

[1] Changes to section 362 made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) do not apply to cases filed before October 17, 2005. **BAPCPA § 1501.**

grounds that they are "inextricably intertwined" with an appeal of an earlier order of this Court denying the Debtor's previous motion to stay the Indiana proceedings and vacate all state court orders entered postpetition. Because the Court would need to address the substance of the Motions to Dismiss in the event that the Motion to Stay was not granted, and given that the Defendants and their counsel are from Indiana, hearings on all three motions were scheduled for the same time in the interest of economy. Following the hearings on the Motions to Dismiss, and the Motion to Stay, the Debtor filed a Motion Requesting an Evidentiary Hearing and Jury Trial and Providing Plaintiff's Consent to Jury Trial Before Bankruptcy Judge. Although the basis for this Motion, as with many of this *pro se* Debtor's pleadings, is somewhat difficult to decipher, essentially the Debtor argues that he wants an evidentiary hearing, more specifically a jury trial, on his complaint and on the Motions to Dismiss.

**BACKGROUND**

Judge Reed is one of many Indiana state court judges who presided over the divorce action between the Debtor and Alison Gratzol. Attorney Walker represents Ms. Gratzol in the divorce proceedings began in Indiana in the Elkhart Circuit Court (20C01-9908-DR-140) in August 1999 and, in October 2000 was transferred to the Elkhart Superior Court (20D05-0010-00640) where it is still pending. A divorce decree has entered along with orders for support, custody, visitation, contempt, fees and the like. To say that the divorce proceeding and the disputes arising therefrom have been contentious does not adequately describe those proceedings which have carried on for almost seven years, and which the Debtor has attempted to pursue in several different courts. During this period the Debtor, who, after having been represented by five different attorneys in the Indiana proceedings, represents himself in that forum as well, filed approximately 70 motions in the Indiana divorce proceedings, all of which were ultimately

2

denied by Judge Reed after the Debtor refused to participate in the hearing on those motions. In the last two years, the Debtor also attempted to remove the divorce proceeding to the United States District Court for the Western District of Michigan (Case No 1-04-CV-356), which remanded the case back to the state court in Indiana because the court found it lacked subject matter jurisdiction over what it described as a child custody matter and the case was removed to the wrong district. He then sought removal to the United States District Court for the Northern District of Indiana (3-04-CV-470), which also remanded the case back to the Indiana state court after concluding that it too lacked subject matter jurisdiction over what remained essentially a custody dispute despite the Debtor's attempts to cloak it as a civil rights violation case. Moreover the court noted that the *Rooker-Feldman* doctrine prohibited it from reviewing the state court's orders. Having failed in those attempts to get the state court orders vacated, the Debtor then filed a complaint against the Defendants, and others, in the United States District Court for the District of Massachusetts (1-05-CV-11723-RCL) which dismissed the complaint for lack of personal jurisdiction. The Debtor has appealed that order to the Court of Appeals for the First Circuit (06-1453) where the matter is currently pending. In the interim he filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Kentucky (05-32226). That case was subsequently converted to Chapter 13 but dismissed in September 2005 after the Debtor failed to file completed schedules and statement of financial affairs and a Chapter 13 plan. Approximately one month later he filed a Chapter 7 petition with this Court.[2]

---

[2] In his petition the Debtor failed to disclose the Kentucky bankruptcy case. In his response to question 9 of the Statement of Financial Affairs in the Massachusetts bankruptcy, he listed only the payment to his Massachusetts attorney. The Court takes judicial notice of the Kentucky Disclosure of Compensation indicating that the Debtor paid his attorney $166.00 of the $516.00 fee.

3

In February 2006 the Debtor commenced the instant adversary proceeding in which he states he is seeking damages for various violations of his civil and constitutional rights and requests that this Court empanel a grand jury to investigate "the Defendants, named and unnamed." He alleges that the Defendants conspired to use the Elkhart Superior Court to deny him his rights and force him to pay child support arrears and legal fees. He maintains that his child support arrearage is simply "a common debt' freely dischargeable in bankruptcy and thus the Defendants knowingly violated the automatic stay by continuing the state court proceedings post-petition. Sprinkled throughout the complaint are allegations that Judge Reed, sitting by designation as a special judge, had not taken an oath of office (complaint at ¶¶ 19, 42, 43); that the state court proceedings violated the federal Fair Debt Collection Act and federal Consumer Protection Act (complaint at ¶ 24); and that the state court proceedings violated his rights under the Thirteenth and Fourteenth Amendments to the United States Constitution (complaint at 30). In other pleadings and hearings before this Court, he has repeatedly accused Judge Reed of "sedition and treason," violating the Fourth Amendment and the Anti-Peonage Act, and having a conflict of interest because Judge Reed's orders requiring the Debtor to pay child support add to Indiana's coffers, thus enriching Judge Reed's pension.

Motion to Stay

In his Emergency Verified Motion to Stay April 24, 2006 Hearing Pending Resolution of Related Appeal Currently Pending in the United States District Court [# 48] and its accompanying Memorandum, the Debtor rambles about peonage and treason and the great injustice being done to him. At the heart of this motion, however, is the request that the Court not act upon the Motions to Dismiss because they are "inextricably intertwined" with the appeal from this Court's earlier order denying the Debtor's "Emergency Verified Motion to: Stay

4

Vacate [sic] Orders Issued by Rex L. Reed. in Indiana State Case since October 15, 2005, and to Stay and Vacate All Hearings Set in the Said State Case, and Declaring Reed's Orders of the Same Period Unlawful, Null & Void Due to: Automatic Bankruptcy Stay" [#9]. The Court denied the previous Motion because section 362(b)(ii) expressly exempted the state court proceedings from the automatic stay.

Although the Court does not have jurisdiction over a matter once the matter is on appeal, *In re Bradshaw*, 284 B.R. 520, 523 (Bankr. D. Mass. 2002), the Motions to Dismiss can be decided without intruding on the district court. The Motions to Dismiss challenge the *jurisdiction* of this Court to hear the adversary proceeding, a challenge which does not rest on whether the Defendants violated the automatic stay.

Motions to Dismiss

The origins and limits of a bankruptcy court jurisdiction have been addressed in numerous opinions, including a recent decision by this Court in *Nickless v. Aaronson (In re Katz)*, United States Bankruptcy Court for the District of Massachusetts, Adversary Proceeding No. 05-4124, ___WL_____ (May 1, 2006), . There is no need to explore that territory again. It is enough to say that Congress conferred jurisdiction over bankruptcy cases and certain types of *civil* proceedings upon the district courts which, in turn, may refer those proceedings to the bankruptcy courts. 28 U.S.C. § 1334. "The grand jury as an institution was adopted from the common law and, secured in the Fifth Amendment, became a fundamental part of our country's system for the prosecution of *crime*." *U.S. v. Christian*, 660 F.2d 892, 897 (3d Cir. 1981)(emphasis added). Bankruptcy courts are not invested with criminal jurisdiction and so this Court lacks the inherent power to convene a grand jury.

Moreover the complaint alleges that the Debtor's civil and constitutional rights have been

5

violated by the Defendants' actions, including by the alleged violations of the automatic stay. Without deciding whether the automatic stay applies to the Indiana state court proceedings, a matter now before the district court, this Court finds that in this case the types of actions about which the Debtor complains fall within the rubric of "personal injury claims" and therefore this Court cannot hear this matter.

The phrase "personal injury tort claim" appears in 28 U.S.C. § 157(b). Section 157(b)(5) expressly requires personal injury tort and wrongful death claims to be tried in the district court. Unlike section 157(b)(2)(B) which excludes personal injury tort and wrongful death claims *against the estate* from the bankruptcy court's core jurisdiction, section 157(b)(5) contains no such limitation. Congress did not define personal injury tort claims and as a result two schools of thought have emerged: one equating personal injury with bodily injury, the second taking a more expansive view that includes civil rights violations. *Stranz v. Ice Cream Liquidation, Inc. (In re Ice Cream Liquidation, Inc.)*, 281 B.R. 154, 161 (Bankr. D. Conn.2002). Although there are cases to the contrary, the Court is persuaded that the civil rights violations this Debtor alleges are personal injury torts. *Ice Cream Liquidation*, 281 B.R. at 161. *See also Goldschmidt v. Erickson (In re Erickson)*, 330 B.R. 346, 349 (Bankr. D. Conn. 2005); *In re Gary Brew Enterprises Ltd.*, 198 B.R. 616, 618 (Bankr. S.D.Cal. 1996). First, in statutes, including 28 U.S.C. § 1983 where Congress did not articulate a specific statute of limitations, courts are to apply the most appropriate state statute of limitations. *Burnett v. Grattan*, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). For section 1983 actions, courts apply the state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Moreover in the complaint the Debtor alleges that the Defendants committed various tort such as fraud, misrepresentation, and attempted false imprisonment as

6

well as alleged crimes including extortion. These are not the type of actions which are to be tried in bankruptcy court.

Finally the complaint is based on the misconception that support payments which accrued prepetition are freely dischargeable in bankruptcy. The Debtor admits that he owes child support and that he is in arrears. He mistakenly believes that his failure to pay support prepetition converts the support payments into what he refers to as "a common debt." Therefore he argues that the federal statutes designed to protect consumers from unscrupulous lenders and their predatory practices insulate him from his support obligations. They do not.

Finding no possible basis in law upon which relief can be granted, the complaint must be dismissed.[3]

Motion for Evidentiary Hearing

The Debtor is not entitled to an evidentiary hearing nor a jury trial on the Motions to Dismiss. Those Motions are granted because as a matter of law, the Debtor is not entitled to the relief requested in the compliant and certainly not from this Court of limited jurisdiction.

---

[3]Additionally Judge Reed is entitled to judicial immunity. Judicial immunity applies to suits for damages brought under 42 U.S.C. § 1983 provided the judge is suing for alleged wrongs arising out of his judicial functio . *Pierson v. Ray*, 386 U.S. 547, 553, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). This provides an additional basis for dismissing the action against him.

Conclusion

For the foregoing reasons, the Motions to Dismiss [#16 and #18] are ALLOWED. The Motion to Stay [#48] and the Motion for Evidentiary Hearing [#75] are DENIED. Separate orders will issue.

May 4, 2006.

*/s/ Joel B. Rosenthal*
Joel B. Rosenthal
United States Bankruptcy Judge

8